# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>MATTHIAS BOERMANS; PEGGY NICKOLET; CHUBB INSURANCE CO.; AVIVA INSURANCE CO.; and ORION TRAVEL INSURANCE CO.,<br><br>Defendants. | CASE NO. 17cv1864 JM (BLM)<br><br>ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING MOTION TO DISMISS DECLARATORY JUDGMENT ACTION |

Defendant Chubb Insurance of Canada ("Chubb"), erroneously sued as Chubb Insurance Co., moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and, alternatively, to dismiss or stay this Declaratory Judgment Act action. Defendant Orion Travel Insurance Co. ("Orion") separately moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Neither Defendant Aviva Insurance Co. ("Aviva") nor Defendants Matthias Boermans and Peggy Nickolet (collectively the "Insureds") responded to the motions. Plaintiff State Farm Mutual Automobile Insurance Co. ("State Farm") opposes all motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants Chubb and Orion's motions to dismiss for lack of

personal jurisdiction and grants the motion to dismiss the action without prejudice by declining to exercise jurisdiction over State Farm's complaint.

## BACKGROUND

**The Complaint**

On September 13, 2017, State Farm commenced this Declaratory Judgment Act, 28 U.S.C. §2201, action seeking a declaration that "it owes no obligations to reimburse medical expenses or other Benefits incurred by or paid on behalf of the Insureds, Boermans and Nickolet, and each of them, and paid by defendants Orion, Chubb, and Aviva." (Compl. ¶17). Plaintiff's claim arises from the following allegations.

For the time period at issue, State Farm insured the Insureds under an automobile insurance policy with uninsured/underinsured motor vehicle coverage limits of $500,000 for each person or $1,000,000 per accident. The policy was issued in California for a 2009 Harley Davidson motorcycle used, stored, housed, maintained and garaged in California.[1] The Insureds are Canadian citizens and permanent residents of Ontario, Canada. (Compl. ¶¶3, 6). The Insureds have an automobile liability policy of insurance with Chubb for their vehicles in Canada, and another policy of insurance with Aviva for the insureds' two motorcycles located in Canada.[2] (Compl. ¶7).

On September 16, 2015, the Insureds undertook a road trip by motorcycle from California to Arizona. While in Arizona, a third-party vehicle attempted to turn left when it struck the Insureds, causing significant injuries. (Compl. ¶8). At the time of the accident the Insureds also had an excess travel insurance policy with Orion that paid for hospital expenses, helicopter transport expenses, and ambulance expenses incurred in the United States. On February 25, 2016, the Insureds also applied for accident benefits under the Chubb policy. (Compl. ¶9). Although unclear from the

---

[1] While State Farm attaches a boilerplate insurance contract to the Complaint, the court notes that it omits the declarations page, as well as any riders, if any.

[2] On April 4, 2018, Plaintiff dismissed Aviva as a party to this action without prejudice.

Complaint, it appears that Aviva also paid benefits to the Insureds. Defendants Orion, Aviva, and Chubb have allegedly requested that State Farm reimburse them for the policy benefits paid on behalf of the Insureds. (Compl. ¶10).

State Farm alleges that only uninsured benefits are available under the State Farm policy; and that:

> The California Insurance Code does not permit State Farm to pay underinsured-motorist benefits under its Car Policy until defendants, and each of them, have recovered the limits of liability insurance paid to defendants in accordance with judgments and or settlements of the limits of liability insurance provided by the insurance of the at-fault third-party vehicle.

(Compl. ¶12). State Farm believes that the Insureds "intend to accept or have accepted the policy limit from the insurer of the at-fault driver who caused the accident" and have retained California attorneys to pursue a claim against State Farm for underinsured-motorist benefits. State Farm alleges that Orion, Aviva, and Chubb "will place liens upon or otherwise assert recovery rights against State Farm." (Compl. ¶13).

State Farm contends that its policy of insurance does not provide for reimbursement of benefits to the Insureds, and that any payment of benefits is governed by Cal. Ins. Code §11580.2. (Compl. ¶14). As Orion, Aviva, and Chubb have allegedly demanded reimbursement of medical expenses paid to the Insureds, State Farm alleges that there is no legal remedy to adjudicate the controversy. "Consequently, State Farm requires a judicial declaration of its rights and obligations and the rights and obligations of the other parties herein." (Compl. ¶19).

**The Chubb Policy**

Chubb, a Canadian insurance company that writes motor vehicle liability insurance in Canada, provides additional context to the Complaint's allegations. (Compl. ¶5; Frost Decl. ¶5). Chubb, the insurer of the Insureds automobiles in Canada, represents that it paid for the Insureds medical expenses when State Farm refused to do so. (Frost Decl. ¶3). At the time of accident both Chubb and State Farm were residents of Ontario and licensed to provide contracts of insurance to residents of

Ontario.

Chubb "understands" that the Insureds made a claim for no fault benefits from State Farm in early 2016. (Frost Decl. ¶6). On February 25, 2016, the Insureds submitted a claim for accident benefits to Chubb. Chubb investigated the claim and concluded that State Farm was likely the priority insurer because the Insureds occupied the motorcycle insured by State Farm at the time of the accident. (Frost Decl. ¶¶7-11).

Pursuant to Ontario Regulation 283/95, "[u]nder Ontario law, a dispute between insurers as to which Insurer is responsible for the payment of benefit is called a 'priority dispute.'" (Frost Decl. ¶4). Ontario Regulations also provide a procedure for determining priority of coverage for payment of benefits paid pursuant to the Statutory Accident Benefits Schedule ("SABS").

On April 20, 2017, Chubb served a Notice Demanding Arbitration pursuant to Canadian law, seeking to establish the priority dispute between Chubb and State Farm. On January 11, 2018, State Farm and Chubb participated in the first pre-arbitration conference before the arbitrator. The arbitrator noted that the issues in dispute in the arbitration proceeding were substantially the same issues raised in the present action. State Farm and Chubb have produced documents in the arbitration provision. (Frost Decl. ¶25; Exh. 25). The arbitration proceeding continues.

**The Orion Policy**

Orion, a Canadian insurer domiciled in Canada, writes excess travel insurance policies in Canada and issues them to Canadians traveling abroad. Orion does not write insurance policies in California nor is it approved to issue insurance policies in California. (Grasso Decl. ¶2). Orion issued an excess travel insurance policy to the Insureds in Canada. Following the Insureds' September 6, 2015 accident in Arizona, Orion made payments for the Insureds' injuries and losses. (Grasso Decl. ¶4). None of the payments made to the Insureds were for medical care provided in California, to service providers in California, or for any loss sustained in California.

**DISCUSSION**

**Personal Jurisdiction**

Pursuant to Rule 12(b)(2), a court may dismiss a suit for "lack of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2). The court may "exercise personal jurisdiction over a non-resident if jurisdiction is proper under California's long-arm statute and if that exercise accords with federal constitutional due process principles." Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996). As the Ninth Circuit has explained:

> California's long-arm statute authorizes the court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution. Cal.Code Civ. Proc. § 410.10. The statutory and constitutional requirements therefore merge into a single due process test.

Id. at 893. "Due process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Where the court does not conduct an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

On a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of establishing contacts by the non-resident defendant sufficient to establish personal jurisdiction. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (9th Cir. 1989).

> [O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

Id. If the matter proceeds to trial, plaintiff must prove the jurisdictional facts by a preponderance of the evidence. Id.

There are two types of personal jurisdiction: general and specific. "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic'

contacts with the forum state." Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299 (9th Cir.1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related acts gave rise to the action before the court. Id.

The Ninth Circuit applies a three-part test to determine whether specific personal jurisdiction comports with due process: "(1) the defendant must have done some act purposely to avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." Sedgwick, 796 F.2d at 302; Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Where the defendant presents "a compelling case that jurisdiction would be unreasonable," there is no need to address the first two prongs of the test. Id. at 302. On the other hand, "[o]nce purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." Roth v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir.1991). The purposeful availment prong prevents defendants from being hailed into a jurisdiction through "random," "fortuitous," or "attenuated" contacts. Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995). If the plaintiff satisfies both of the first two prongs, the burden shifts to the defendant to establish that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 475, 476-78 (1985).

The court considers the following factors to determine the reasonableness of the district court's exercise of personal jurisdiction:

(1) the extent of defendant's purposeful interjection into the forum state's affairs;

(2) the burden on defendant of defending in the forum;

(3) the extent of conflict with the sovereign of the defendant's state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to plaintiff's interest in convenient and effective

relief; and

(7) the existence of an alternative forum.

See Terracom, 49 F.3d at 561. The court balances all factors, recognizing that none of the factors is dispositive in itself. Id.

As State Farm asserts specific, but not general, jurisdiction over Orion and Chubb, the court's analysis is limited to specific jurisdiction.

Purposeful Availment

The Ninth Circuit has refined this prong to mean that the defendant has either (1) "purposefully availed" itself of the privilege of conducting activities in the forum, or (2) "purposefully directed" its activities toward the forum. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). While the phrase "purposeful availment" is sometimes used so as to include both purposeful availment and purposeful direction, "availment and direction are, in fact, two distinct concepts." Id. Courts typically employ the "purposeful availment" prong in contract cases, and the "purposeful direction" analysis in tort cases. Yahoo! Inc. v. La Lingue Contre Le Racisme et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006). Therefore, as this case sounds primarily in contract, State Farm must establish that Chubb and Orion purposefully availed themselves of the privilege of conducting activities in California.

The "purposeful availment" prong is satisfied when the defendant is considered to have availed itself of the privilege of doing business in the forum state, or where the defendant took some action in the state, such as executing or performing a contract. Id. The United States Supreme Court has ruled that a nonresident defendant does not purposefully avail itself of a forum merely by entering into a contract with a forum resident. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985). Instead, courts need to evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract" to determine purposeful availment. Id. at 479.

With respect to Orion, the court concludes that State Farm fails to establish that Orion purposefully availed itself of the privilege of doing business in California. Orion

maintains no presence in California. Orion does not write insurance policies in California nor is it approved to issue insurance policies in California. (Grasso Decl. ¶2). Orion issued an excess travel insurance policy to the Insureds in Canada. Following the Insureds' September 6, 2015 accident in Arizona, Orion made payments for the Insureds' injuries and losses. (Grasso Decl. ¶4). None of the payments made to the Insureds were for medical care provided in California, to service providers in California, or for any loss sustained in California. Furthermore, requiring Orion to litigate in this judicial district imposes a significant burden on Orion, especially where State Farm and Chubb are already involved in arbitration proceedings in Ontario.

With respect to Chubb, the court also concludes that State Farm fails to establish that Chubb purposefully availed itself of the privilege of doing business in California. Chubb, a Canadian insurance company, writes motor vehicle liability insurance in Canada. Chubb insured the Insureds' vehicles in Canada. (Frost Decl. ¶5). Chubb provided benefits to its Insureds for their injuries in losses incurred in Arizona, based upon the Canadian insurance policies. Rather than avail themselves of the privilege of doing business in California, Chubb has commenced an arbitration proceeding against State Farm in Ontario.

State Farm contends that Chubb and Orion consummated a transaction with a part-time resident of California who has a contract of insurance with State Farm, and communicated with State Farm in California about reimbursement for the injuries suffered by the Insureds and paid by Chubb and Orion. Because there is a dispute regarding coverage under the California policy, State Farm contends that any dispute must be adjudicated "in the forum state where the transaction was consummated," (Oppo. at p.7:22), that is, in California. This argument, unsupported by legal authority, misses the mark. The focus of a Fed.R.Civ.P. 12(b)(2) motion is on the defendant's contacts in the forum, not State Farm's contacts with the Insureds. The fact that Orion and Chubb have communicated with State Farm in California regarding coverage issues is insufficient to establish that Orion and Chubb have availed themselves of the

privilege of doing business in California. Such random, fortuitous, and isolated contacts offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316; Hunt v. Erie Ins. Group, 728 F.2d 1244 (9th Cir, 1984); Farmers Ins. Exch. v. Portage La Praire Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990) (personal jurisdiction does not exist over a foreign insurer who does no business in the forum state for litigation claims involving insurance coverage issues resulting from a motor vehicle accident that occurred in another state). In other words, the focus is on the defendant's contacts with the forum state, and not the quality of the contacts by third parties.[3]

In sum, the tenuous, isolated, and virtually non-existing contacts of Chubb and Orion in California fail to establish that they purposely availed themselves of the privilege of doing business in California.

Reasonableness

The touchstone for the exercise of personal jurisdiction over an out-of-state defendant is that it must be reasonable "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe, 326 U.S. at 316. As Orion and Chubb lack minimum contacts with California, the exercise of personal jurisdiction over them is also unreasonable.[4]

In sum, the court grants the motions to dismiss Chubb and Orion for lack of personal jurisdiction.

**The Declaratory Judgment Act**

Under the Declaratory Judgment Act, a district court may decline to exercise

---

[3] While State Farm refers to the "claims" for reimbursement asserted by Orion and Chubb, the court notes that neither Orion nor Chubb have commenced any legal action against State Farm in California. Orion represents that it has not filed any claim against State Farm, and Chubb represents that it is pursing its claim against State Farm in arbitration. Of course, should either Orion or Chubb elect to commence an action in California against State Farm, personal jurisdiction would not be an issue.

[4] The court notes that the most important reasonableness factor, the degree of purposeful interjection into California, see Terracom, 49 F.3d at 561, is minimal and too attenuated to support a finding in favor of personal jurisdiction.

jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper. See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942). The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a).

In enacting the Declaratory Judgment Act, "Congress ... created an opportunity, rather than a duty, [for a district court] to grant a new form of relief to qualifying litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). In assessing actions for declaratory judgment, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. The court also considers the so-called Brillhart factors in exercising its discretion: avoiding needless determination of state law issues; discouraging litigants from filing declaratory actions as a means of forum shopping; and avoiding duplicative litigation. See Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998). Those factors are not exclusive. Other factors to be considered, depending on the circumstances, include "whether the declaratory action will settle all aspects of the controversy" or "whether the use of a declaratory action will result in entanglement between the federal and state court systems." Id. at n. 5. In addition, the district court may also consider judicial administration, "the convenience of the parties, and the availability and relative convenience of other remedies." Id. Applying those factors here leads to the conclusion that this court should decline to hear this case in deference to the case being arbitrated between State Farm and Chubb in Ontario, Canada.

Here, the court declines to entertain State Farm's claims. Since April 2017, State Farm and Chubb have been involved in arbitration proceedings in Ontario, Canada that

involve issues of Canadian law. The court defers to the earlier filed arbitration proceeding to prevent forum shopping by State Farm, to avoid duplicative litigation, and to avoid determinations under Canadian law. Moreover, for the above stated reasons, the court lacks personal jurisdiction over Orion and Chubb and, therefore, cannot afford State Farm the relief requested.

In sum, the court grants Chubb's motion to dismiss for lack of personal jurisdiction, grants Orion's motion to dismiss for lack of personal jurisdiction, and grants Chubb's motion to dismiss the action without prejudice. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: June 4, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties